## STATE OF LOUISIANA v. JUDGE OF SECOND JUDICIAL DISTRICT COURT— O. S. ROUSSEAU praying for a *mandamus*.

The Act of the Legislature relative to contested elections, (Rev. Statutes, 217,) does not embrace the case of a contested election of the Judge of a District Court out of the city of New Orleans.

Out of the parish of Orleans there is no law providing for a judicial scrutiny into the votes for any other than parish officers.

In the absence of statutory authorization the courts are without jurisdiction *ratione materiæ*, to entertain the case of a contested election, and the consent of parties cannot give them jurisdiction.

A Judge of a district embracing two parishes is not a parish officer within the meaning of the Act relative to contested elections.

A *mandamus* will not issue to compel a District Judge to grant an order of any kind in a case where it is apparent that his court is without jurisdiction, *ratione materiæ*.

ON a *mandamus* to the *Honorable J. Foulhouze*, Judge of the Second Judicial District Court. *J. A. Rozier*, for the Relator.

SPOFFORD, J. *James Foulhouze* is commissioned as Judge of the Second

12

STATE
v.
JUDGE 2d Ju. Dis.

Judicial District Court. That he is the acting Judge is admitted by the prayer of the petitioner for a *mandamus*, compelling him to grant a judicial order.

The relator, *O. S. Rousseau*, has filed a petition in the Second Judicial District Court for the parish of Plaquemines, contesting the election of *James Foulhouze* to the office of Judge of that district, and claiming to have been elected himself. In form, the proceedings appear to have been instituted under the 42d, 43d, 44th and 45th sections of the law relative to contested elections. Revised Statutes, 217. It appears, that the relator has recused the presiding Judge, who is the defendant in this contest. After recusing him, the relator, through his counsel, moved the presiding Judge to grant an order removing said cause to an adjoining district, or referring it to one of the District Judges of the State, for trial. The presiding Judge refused the motion, and the object of the present proceeding is to have a peremptory *mandamus*, compelling him to grant it.

In his answer to the rule *nisi*, we think the presiding Judge has shown, that the District Courts of this State have no power granted them by law to entertain controversies of this character. Out of the parish of Orleans there is no law providing for a judicial scrutiny into the votes for any other than "parish officers." A Judge of a district embracing two parishes is not a parish officer, within the meaning of the Act relative to contested elections. The whole texture of the Act is inconsistent with the opposite hypothesis. The remedy invoked by the relator is purely statutable. If the statute under which he attempts to proceed does not embrace his case, he is without a standing in court. The contesting of votes is not a judicial function, only so far as made such by special statutes. Indeed, some may have gone so far as to question whether this is not wholly a matter of administration which cannot with propriety be referred to the judicial tribunals at all. At any rate it is clear, that such tribunals cannot usurp any greater control over this business than is specially imposed upon them by law. In the absence of a statutory authorization, they are without jurisdiction of the matter, *ratione materiæ*. The consent of parties cannot give jurisdiction, and all courts before whom such an unauthorized controversy is brought must decline, *ex officio*, to render any order which would recognize a right to sustain the case.

It matters not, therefore, that no exception has been filed to the suit of *Rousseau ;* there being no express law authorizing him to contest the election of his successor before any of the District Courts, he asks us to do a worse than futile thing when he asks an order compelling such a case to be tried. It has been said on a former occassion, that "courts of justice will not lend their aid to foster idle, circuitous and wasteful litigation." *Hyde & Goodrich* v. *New Orleans*, 12 An., 191.

In our opinion, we ought not to compel the tribunals whose proceedings we revise to grant orders with a direct view to the continuance of costly proceedings, when their lack of jurisdiction *ratione materiæ* is patent upon the record.

Because, in the case of the *State* v. *Judge of the Fifth District Court of New Orleans*, 12 An. 514, we declined to interfere by a writ of prohibition in this case, before any action to the prejudice of the applicant was had, it does not follow that we should interfere now, by a writ of *mandamus*, to compel the prosecution of a suit which no court can lawfully entertain.

The District Judge being called on to grant certain orders has answered,

that the granting of those orders would involve *pro tanto*, the entertaining of jurisdiction in a cause upon which no judgment could be pronounced ; the applicant has contended that it would not, and the point at issue below was, whether any law authorized the courts of justice to take cognizance of a contest touching the election of a District Judge, out of the parish of Orleans. The same point has been mooted here, and being of opinion with the District Judge, that no such law exists, we think the rule must be discharged.

Rule discharged.

BUCHANAN, J. It is settled by repeated decisons, that this court will only issue the writ of *mandamus* in aid of its appellate jurisdiction. But that appellate jurisdiction of necessity requires an original jurisdiction in the court of the first instance, as its basis. The want of jurisdiction in that court is the foundation of a different suit, that of prohibition. Whenever, therefore, it is brought to our notice, that the matter in which we are called upon to enforce the action of an inferior court by the writ of *mandamus*, is one which is not within the cognizance of the tribunal whose action is sought to be enforced, we are bound to refuse the writ. It appears to me that we have here a case of this sort. The contest of an election of a District Judge, out of New Orleans, appears to be, thus far, a *causus omissus* in our legislation. If such an action could be entertained at all, most clearly the Judge whose election was contested would be incompetent to sit in judgment upon that issue. His duty would be to refer the matter to another Judge, to be proceeded in according to the general rules for the trial of recused cases. But there being no action given by law to contest such an election, the recusation of the Judge can produce no effect. For if that particular Judge is incompetent *ratione personæ*, all other Judges are, as well as himself, incompetent *ratione materiæ*. And we can give no relief, because the matter is not the subject of judicial action.

It must be admitted, that the position of the case of *Octave S. Rousseau* v. *James Foulhouze* is an anomalous one; and it is said, that being in court, it must be disposed of; that it is impossible that any cause can be in court without being under the control of the court, so far at least as to dismiss it, if it cannot be entertained. On the other hand, I should say, that the Clerk of the District Court might have declined to file among his records an action unwarranted by any law. As a matter of private opinion, I should say the District Judge might direct the Clerk to return the petition to the party who filed it. But, as a member of this tribunal, I cannot interfere.

For these reasons, I concur in the dismissal of the rule for a *mandamus*.

MERRICK, C. J., dissenting. I am unable to concur in the views expressed by my colleagues in this case.

The suit instituted by the relator against the defendant was a proceeding regular in form and full in its details and allegations under the statue at least, if not under the Code of Practice. Moreover, it was accompanied by a citation also regular in form, which was duly served upon the defendant.

The plaintiff, at a regular term of the court, after entering his own recusation and protesting "that the defendant cannot try and adjudge in any manner whatever the cause, moved the court that said action be removed from this (the parish of Plaquemines) in an adjoining district, there to be tried and adjudged, or that said cause be referred to one of the District Judges of the State, so that said Judge who shall interchange, shall have authority to repair

*Margin note: STATE v. JUDGE 2d JU. DIS*

STATE
*v.*
JUDGE 2d JU. DIS·

to the parish of Plaquemines, there to preside, and try and adjudge said cause pursuant to law, and in order, generally, that said cause may be proceeded with and tried and adjudged." This motion was overruled and refused, on the grounds that "the defendant, and not the plaintiff, had the right to enter the recusation; that the said Second District Court has no jurisdiction therein; that said motion had for its object to make the defendant acknowledge that any of the District Judges has a right to decide between plaintiff and defendant, and that there is no law showing which Judge and court can be called and authorized to preside over and try the cause herein."

In the application for the writ of *mandamus* to compel the defendant to make the order, the applicant prayed also for such other order as the nature of the case might require; and thereupon, we made the following order, viz:

"It is ordered, that a rule issue requiring the *Hon. James Foulhouze*, Judge of the Second Judicial District Court, to show cause, on or before the first Monday of November next, at 10 o'clock A. M., why he should not render judgment upon the motion for a recusation in the case of *Octave S. Rousseau* against him, in the parish of Plaquemines, in the matter of the contest of an election, and why he, the said Judge, should not either recuse himself, or otherwise proceed to pronounce judgment upon said motion and said cause."

In answer to the rule, the defendant assigns seven reasons why the peremptory *mandamus* should not issue.

It is sufficient to notice the first paragraph of the first ground taken by the defendant, inasmuch as it fairly states the real issue on the rule. It is as follows, viz:

"The plaintiff sets forth that he has contested the election of the District Judge; he sets forth, that *James Foulhouze*, the person whose election as District Judge he contests, has been commissioned by the Governor, has taken the oath of office, and has entered upon the duties of his office; and now, because *James Foulhouze, Esq.*, refuses to give orders in a suit calling in question his election, commission and judicial capacity, a *mandamus* is prayed for to compel him to do so. The simple question is, has this or any other court of this State, any jurisdiction of such a case; any authority to order any Judge to try it, or any court to order its trial? If so, then where is the law giving this or any other court jurisdiction of the controversy. The Supreme Court has in general an appellate jurisdiction, and in furtherance of that jurisdiction, has a right to issue a *mandamus;* but it will not certainly do so to compel an inferior Judge to grant orders in a case when the *court*, over which that inferior Judge presides, has evidently no jurisdiction. *On the contrary*, (the defendant continues,) the Supreme Court will grant a prohibition as in the case of *Tappan* v. *Foute*, to prevent a District Judge from assuming jurisdiction where he has none. For the greater reason, this court will not compel this respondent (or any other court or Judge in his place) to entertain a case in which no law invests the inferior court with power to pronounce."

If the position assumed by the defendant be correct, it then follows that a proceeding has been filed in the District Court, which neither that nor any other court has power either to dismiss or grant the demand contained in the prayer of the petition; and a cause has been commenced which can never be ended. A position which it seems to me cannot be maintained either on principle or authority. For every case must go out of court upon a decree condemning the defendant to satisfy or absolving him from the whole or a part of the plaintiff's demand. Any thing short of this, is not a decree.

*Præses provinciæ non ignorat definitivam sententiam, quæ condemnationem vel absolutionem non continet, pro justa non haberi.* Const. 3, Code 7, 45.

It is not enough to excuse the Judge from exercising his judicial functions, to show that in his opinion the demand is unfounded and illegal, and, therefore, cannot lawfully be granted. The plaintiff whose demand is unfounded, has a right to be heard and to have the judgment of such inferior tribunal upon his demand; for, peradventure, that which appears absurd to the lower court, may, on a more careful examination, be found to have merits, when it shall have been examined by the Supreme Court.

Suppose, for instance, a suitor should institute a suit against the District Judge for some demand, sounding in dollars and cents, which should appear to such Judge frivolous, and even calculated to bring him into contempt if true ; could the District Judge decline either to dismiss or try the case, or enter the proper order of recusation, &c ? On an application for a *mandamus*, would it be proper for him to argue to us, that the petition was absurd or demanded some illegal thing which the Judge should choose to construe into a personal affront ?

It seems to me not. We could only consider the case after it had been passed upon by the lower court. If the Judge should deem himself incompetent to try such cause, he should recuse himself, and whenever a judgment should be rendered, whether dismissing the petition or demand, or granting the prayer of the petition, this court could take jurisdiction of the same. To try the case before that time, would be assuming original jurisdiction.

So in the case before us. A proceeding has been commenced in the Second Judicial District, in the parish of Plaquemines, of which the defendant is the Judge, at least, *de facto*. If he is interested in the case as a party, he should recuse himself, and make such other order as may be needed. If he is not interested, he should hear motions, grant orders and try the case. If the demand is wholly unfounded and unauthorized by law, it should be dismissed. If well founded, it should be sustained. All these questions are for the decision of the District Judge who shall try the case, to whose unbiased judgment they ought to be left without dictation on the part of this tribunal, which can only revise such decisions after the parties shall have been heard and the judgments and decrees regularly entered by the District Court, and the parties have taken their appeal from the same.

I see no other way of disposing of the case, than to exert the power of this court, and compel the Judge of the Second Judicial District, to recuse himself, or to try the case, and either dismiss the cause or render judgment thereon, in favor of the party justly entitled thereto.

With the views I entertain, I do not think it proper to express an opinion upon the merits of the controversy. The defendant has not even excepted to the plaintiff's petition, and it is not yet known what line of defence he may assume in his pleadings in that suit. It may be that what appears doubtful to me in these proceedings now, may be made certain whenever the parties shall be heard upon such issues as they make in their pleadings.

Neither do I consider it a sufficient objection to the rule, that the proceeding which the party has selected is expensive. If it is not founded in law, it is in the power of the defendant to cause it to be dismissed without any considerable cost. If it is an action which can be maintained, the cost of the proceeding is no objection to it.

The case of *Tappan* v. *Foute*, is not applicable to this case, because the Second Judicial District Court, for the parish of Plaquemines, is one of general jurisdiction.

But it is said, that this court will issue the writ of *mandamus* only in aid of its appellate jurisdiction, and as the District Court has no original jurisdiction of the cause, this court has no appellate jurisdiction of it, because an appellate jurisdiction necessarily requires an original jurisdiction.

The thing demanded is an office which the petitioner alleges is worth $10,000.

The Second District Court, as was just observed, is one of general jurisdiction. The thing demanded was, therefore, within the jurisdiction of that court, or none.

If it was within the jurisdiction of that court, this court, whose powers are derived from the Constitution, and not from the Legislature, must have appellate jurisdiction, because the thing demanded is over three hundred dollars. If the District Court has not jurisdiction of the thing, because it is a *casus omissus*, then this court would have jurisdiction to revise any judgment of that court, wherein it should decree the office to belong to the relator, and this is precisely what this court did in taking jurisdiction in the case of *Tappan* v. *Foute*. If the court had no appellate jurisdiction in that case, it had no power to render the decree it did.

Then, if the Second Judicial District Court for the parish of Plaquemines, has jurisdiction of the relator's demand, and can render judgment in his favor; this court can examine that judgment, because the thing in controversy is over three hundred dollars. But if the said court has no power to decree what the plaintiff demands, then this court has jurisdiction on appeal to reverse any judgment of that court which shall not dismiss relator's demand, and to render such judgment as that court ought to have rendered.

I am unwilling, on account of the mere inconvenience which this proceeding will occasion, to sanction any but the regular modes of determing this as well as all other causes. And I am, therefore, of the opinion, that a peremptory *mandamus* should issue in conformity to the rule issued by the court in this case, in order that said cause may be dismissed or tried on its merits, and determined according as the right shall appear.