PROVOSTY, J.
By Act No. 221, p. 451 of 1902, it is provided that an election may be held in any village, town, city, ward, or parish of the state to determine whether the sale of intoxicating liquors shall be licensed or not in the locality; and it is further provided that villages, towns, and cities shall be controlled in their action in regard to the sale of liquors by the result of the election in the ward or parish in which they are situated.
The town of Ponchatoula held an election, and declared in favor of the sale of liquors; and thereupon the police jury of the parish, claiming that it had held an election in the ward in which said town is situated, and that said election had gone against the sale of liquors, brought the present suit to enjoin the town authorities from issuing any licenses for the sale of liquors.
The defendant town denies that the police jury has held an election in the ward. It claims that the so-called election held in the ward was not an election; that for being such it lacked essential conditions.
The facts are as follows:
A certain number of citizens of the ward in question presented to the police jury the following petition:
“To the Hon. Prest, and Members of the Police Jury of the Parish of Tangipahoa:
“We, your petitioners, undersigned, most respectfully ask that you order an election for the Seventh Ward of said parish upon the question of licensing or not licensing the sale of intoxicating liquors within the bounds of said ward. Said election to be held as soon as convenient to you.”
Thereupon the police jury passed the following ordinance:
“On motion of Mr. Arnold, second by Mr. Stanga, the following petition of Seventh Ward citizens, asking for local option election be granted, and the election ordered held on Friday, the 24th (twenty-fourth) day of February, 1905.”
This was all the police jury ever'did in connection with the election until after same had been held, when it passed the following:
“In accordance with the resolution adopted by the board of police jurors on the 6th day of January, 1905, ordering an election to be held in the Seventh AVard of the parish of Tangipahoa, on the 24th day of February, 1905, to take the sense of the voters in said ward on the question of ‘For License’ or ‘Against License’ for the sale of spirituous or intoxicating liquors in said ward in the year 1906, the following result is hereby officially announced by the police jury of this parish, as shown by the return of the commissioners of election of said ward, this board having carefully canvassed and compiled the same on this the 6th day of March, 1905, as follows, to wit:
“Result:
For License. Against License.
Ponchatoula Precinct ......... 4 40
Hammond Precinct ......... 5 116
9 156
“Giving a majority of one hundred and forty-seven (147) votes.”
Thus it is seen the police jury never fixed the place for holding the election, never appointed any officers for holding the election, never fixecl the time when the polls should be opened and closed, never prescribed the form of the ballot, and never prescribed how the votes should be canvassed and returns made. All this the president of the police jury took upon himself to do by means of a proclamation. But it is needless to say that he had no more authority in the premises than any other citizen of the parish might have had. In consequence, we are of opinion that defendant is well founded in saying that no election has been held in the ward. Until *141 the police jury had provided the indispensable machinery for the holding of an election, none could be held. It does not suffice to say that an election shall be held. There must be provision made for the holding of it, ór none can be held. The election cannot hold itself. The legal voters of the town of Ponchatoula favoring the sale of liquors would have been perfectly justified in staying away from the simulacrum of election upon which plaintiff relies.
The judgment appealed from is set aside, and the plaintiff’s suit is dismissed, at its costs.