LAND, J.
This suit was instituted by two saloon keepers of the village of Oberlin, to contest the result of a local option election held in said village on October 15, 1907.
The defendant excepted that the court had no jurisdiction ratione materite. This exception was sustained, and the suit was dismissed.
The petition shows that the complaint is leveled (1) against the action of the election commissioners in receiving and rejecting votes, and (2) against the action of the town council in canvassing the returns and promulgating the result. The vote as returned was against licensing the sale of intoxicating liquors. Plaintiffs made their contest before the town council, but by the action of that body a majority still remained in favor of prohibition. Plaintiffs’ prayer is that the election and returns be declared null and void, or that the returns be purged and counted so as to show a majority in favor of license.
It is admitted that there is no statutory authority for a contest of this kind, but it is strenously argued that the right exists on general principles.
The jurisprudence of this state is otherwise. State v. Judge, 13 La. Ann. 89; State ex rel. Woodruff v. Police Jury, 41 La. Ann. 846, 6 South. 777; State ex rel. Davis v. Police Jury, 43 La. Ann. 1009, 10 South. 359; Taxpayers v. O’Kelly, 49 La. Ann. 1040, 22 South. 311; State ex rel. Reese v. Foster, Judge, 111 La. Ann. 1090, 36 South. 200. See, also, Hagens v. Police Jury of Caddo Parish (this day decided) ante, p. 633, 46 South. 676.
Judgment affirmed.