(62 South. 936.)

No. 19,901.

NIXON et al. v. POLICE JURY OF ALLEN PARISH.

(June 30, 1913.)

*(Syllabus by the Court.)*

COUNTIES (§ 29*)—PARISH SEAT—ELECTION—TIME.

Section 4 of Act No. 6 of 1912, in requiring the election for parish officers in the parish of Allen to be held on the third Tuesday in December, 1912, segregated that election from the election to determine the location of the permanent parish seat and left the latter to be held upon the date fixed by the police jury, under sections 2 and 4 of Act 27 of 1910, within not less than 60 nor more than 90 days after the first meeting of said police jury.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 29; Dec. Dig. § 29.*]

Appeal from Fifteenth Judicial District Court, Parish of Allen; Winston Overton, Judge.

Suit by T. T. Nixon and others against the Police Jury of Allen Parish. From a judgment for defendant, plaintiffs appeal. Affirmed.

Dudley L. Guilbeau, of Opelousas, for appellants. T. Arthur Edwards, Dist. Atty., Williams & Williams, and McCoy, Moss & Knox, all of Lake Charles, for appellee.

### Statement of the Case.

MONROE, J. Plaintiffs, who are residents, voters, and taxpayers of the parish of Allen, brought this suit to set aside an election held on September 24, 1912, to take the sense of the qualified electors of the parish upon the question of the selection of a permanent parish seat; the grounds of their attack being: (1) That "the election was held prematurely and was not called and held at the time and in the manner prescribed by Act 27 of the Acts of 1910, and Act 6 of 1912, creating the parish;" and (2) that the election was void because those who participated in it were either illegally registered or not registered at all or had not paid their poll taxes. The suit was originally dismissed by the district court on exceptions, and, on the appeal, the ruling so made was affirmed as to the ground 2 above stated, but it was reversed as to the other, and the case was remanded in order that the question of prematurity vel non should be considered on its merits. Nixon et al. v. Police Jury, 60 South. 717.[1] The district court has since then decided that question adversely to the views held by plaintiff, and it is now presented to this court.

### Opinion.

Act 27 of 1910 is a statute of general application, entitled:

"An act to provide for the organization of new parishes; for the appointment and election of officers therefor; for the transferring of the records and the adjustment of the affairs of the new parish or parishes with the parish or parishes out of which the said new parish or parishes is or are formed."

---

[1] 132 La. 53.

The provisions bearing upon the question to be here decided are to be found in sections 2 and 4, and read as follows:

"Section 2. * * * That the police jurors * * * shall, within ten days after the receipt of their commissions meet, * * * at which meeting they shall proceed to organize themselves into a police jury * * * and shall prescribe the conditions under which any place or towns within said parish may compete at the election hereinafter authorized for the location of the permanent parish seat. * * * They shall also at the same meeting fix a date for the holding of a special election, at which shall be elected * * * parish officers who under existing laws are required to be elected by the people. This election shall be fixed for a date not less than sixty days nor more than ninety days after the said meeting, shall be held. * * *

"Section 4. * * * That at the election provided for in section 2 of this act there shall also be determined by ballot of the qualified electors of such parish the location of the permanent parish seat."

Two years later, at the session of 1912, the General Assembly enacted three special statutes, Nos. 6, 7, and 8, creating the parishes of "Allen," "Jefferson Davis," and "Beauregard," respectively, which statutes were approved upon the same day (June 12th) and mutatis mutandis are framed in the same language. Act No. 6 relates to the parish of Allen, and its section 4 provides:

"That the said parish of Allen shall be organized in accordance with the provisions of Act 27 of * * * 1910, in all respects in which the provisions of the said act do not conflict with the provisions of this act: Provided that the parish officers to be elected * * * in accordance with the provisions of Act No. 27 of * * * 1910 shall be elected at an election to, be held on the third Tuesday in December, 1912. * * *"

It will be seen from the foregoing statement that section 2 of the Act of 1910, in so far as it purports to provide that the police jury shall fix a date for the holding of a special election for parish officers, is abrogated by the Act of 1912, from which it follows that, if we construe sections 2 and 4 of the Act of 1910 separately, and hold that section 2 provides only for the election of parish officers, and that section 4, in declar-

ing that, "at the election provided for in section 2, * * * there shall also be determined * * * the location of the permanent parish seat," is susceptible of no other construction than that the election relating to the parish seat must be held concurrently with the election for parish officers, "provided for in section 2," we arrive at a conclusion that leaves no provision whatever for the election to determine the location of the parish seat, since the provision for an election, contained in section 2 and referred to in section 4, being abrogated, the provision in section 4 can find no application.

It cannot, of course, be assumed that the Legislature of 1910, in the enactment of section 1 of Act 27 of that year, declaring that the location of the parish seat should be determined at the election provided for in section 2 of that act, had in contemplation the election provided for by the Act of 1912. Nor do we think it can be assumed that the Legislature of 1912, in the enactment of section 4 of Act 6 of that year, declaring that the parish officers in the parish of Allen should be elected on the third Tuesday in December, 1912, intended to declare that the parish seat election should also be held on that day.

Such a construction might, perhaps, be adopted if it were made to appear that, for some controlling consideration of public policy, interest, or convenience, it was necessary that the two elections should be indissolubly bound together and that it was the legislative intention so to bind them; but we find no reason to suppose that any such necessity exists. To the contrary, though there is no evidence in the record on that point, we should imagine that the two elections, each of importance and likely to excite the liveliest interest, but involving wholly distinct questions, would better be held at different times in order that the questions submitted at each might be determined upon their own

merits, respectively, with the probability of log rolling reduced to the minimum; and there are some reasons, to be found out of the record as well as in it, which lead us to think that this imagining of ours has substantial support. Thus the question of the division of the parish of Calcasieu has been agitating the people of that parish as a burning issue for several years, and there were probably no more glowing coals contributing to the fire than those relating to the selection of the parish seats of the three new parishes that it was proposed to carve out of that immense territory. That matter, therefore, occupies a very prominent position in the legislation upon the subject; and when and under what conditions the parish seat elections should be held was no doubt much discussed before, at the time of, and after the enactment of that legislation. By the Act of 1910 the parish seat elections and the elections for parish officers were tied together in the sense that they were required to be held at the same time—a time which was to be fixed, within certain limits, by the police juries. By the Act of 1912 the Legislature, singling out the election for parish officers, declared that it should be held upon the date fixed by the act, but made no further provision in regard to the date at which the parish seat election should be held. The police jury of the parish of Allen and, as we are informed through the briefs of the counsel, the police juries of the other two new parishes, construing the two acts together, interpreted them to mean that the parish seat elections were to be held, as contemplated by the Act of 1910, upon dates to be fixed by them, within not less then 60 nor more than 90 days after their first meetings, and the dates were so fixed and the elections were so held, without, so far as we are informed, objection or complaint from any source. In other words, it seems to have been the common opinion, at the time, that it was the in-

tention of the law that they should be so held, and it was not until afterwards, when this suit was brought contesting the election in the parish of Allen, that the idea that the election had been prematurely held seems to have occurred to any one. So far as the parishes of Jefferson Davis and Beauregard are concerned, we have heard of no contest, and, in the typewritten petition of four pages filed in this suit, all that is said upon the question now under consideration is contained in a few lines preceding the prayer and reading as follows:

"The election held prematurely and not called and held at the time and in the manner prescribed by Act 27 of 1910 and Acts of 1912 creating the parish of Allen."

These circumstances, when it is considered that the members of the Legislature who framed and those who voted for or against the statutes which were thus applied were no doubt on the spot to be consulted, are significant as indicating that, however faulty in expression, the real purpose of those statutes was as it has been found to be. The difficulty lies in deducing the purpose of the statutes from the language. But, as there can be no doubt of the intention to provide for the parish seat elections, our conclusion is that sections 2 and 4 of the Act of 1910 are to be construed together rather than separately, and that, so construed, their meaning is to require the police juries to fix the dates of the parish seat elections within not less than 60 nor more than 90 days after their first meetings and to fix the dates of the elections for parish officers within the same limit of time; that, while the language of section 4 would require that the two elections should be held *at* the same time, the proviso in section 4 of the Act of 1912, requiring that the election for parish officers should be held on the third Tuesday in December, 1912, had the effect of segregating them and of leaving the parish seat elections

as fixed by the police juries. We do not consider the other issues discussed in the brief of plaintiffs' counsel as being now in the case.

The judgment appealed from is accordingly affirmed at the cost of the plaintiffs.