WILLIAM SCHNEIDER, *et al.*, *Plaintiffs in Error*, v. CHAS. E. LANG, *et al.*, *Defendants in Error*.

Opinion Filed December 16, 1913.

A continuing duty rests upon the inspectors and clerks of an election to make proper returns of the result of the election held; and a similar continuing duty rests upon the county canvassing board to canvass the returns made to it by inspectors and clerks of election, and to declare the result of the election. Such duties may be enforced by mandamus.

Writ of error to Circuit Court of Hillsborough County; F. M. Robles, Judge.

Judgment affirmed.

*M. G. Gibbons*, for Plaintiffs in Error;

*Admer D. Miller*, for Defendants in Error.

WHITFIELD, J.—An election was held in a given territory in Hillsborough County to establish a special tax school district under the constitution and Sections 399 *et seq.*, of the General Statutes of 1906, to be known as Ruskin District No. 55, and for the election of three trustees and to determine the millage tax to be levied for such school sub-district purposes. The inspectors and clerk who conducted the election made as a return a signed statement that "a majority of the electors, resident in said territory and qualified according to law, did vote to create such special tax school district and the district is established," and that they "do recommend as entitled to receive commissions as trustees of said special tax school district No. 55, and otherwise known as Ruskin school district," L. L. Dickman, Chas. E. Lang, and L. W. Amlong, they "having received the highest number of votes cast for trustees at said election."

The county board of public instruction, whose duty it is under the statute, to "canvass the returns of election as made to it by the inspectors and clerks of election and declare the result," declared on the return as made that no Ruskin District special tax school district had been established to be known as No. 55. Amended returns were offered by the inspectors, but the board declined to receive and canvass such offered amended returns; and in mandamus proceedings the Circuit Judge ordered in effect that the board do receive and canvass the same according to law. A writ of error was taken by the board to the final judgment.

The contention that the board could not receive and canvass the amended returns and that the remedy is

by calling another election is without merit. It was and is a continuing duty of the inspectors and clerk who conducted the election to make a proper return of the result of the election. A similar continuing duty rests upon the county board of public instruction "to canvass the returns of election as made to it by the inspectors and clerks of election, and declare the results." Sec. 403 Gen. Stats. 1906.

Mandamus is an appropriate remedy to enforce the performance of a specific official duty of a ministerial character imposed by law. See State *ex rel.* Bloxham v. Gibbs, 13 Fla. 55, 7 Am. Rep. 233; State *ex rel.* Bisbee, Jr., v. Board of State Canvassers, 17 Fla. 29; D'Alembert v. State *ex rel.* Mays, 56 Fla. 162, 47 South. Rep. 489.

No fraud is alleged. It is not necessary to discuss other questions sought to be presented.

The judgment is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.