STATE OF FLORIDA, *ex rel.* G. O. SPEARS, W. C. COBB AND A. W. LANGLEY, *Relators*, v. J. W. BAGGETT, JR., JOHN H. GIVENS, R. A. ROZIER, W. J. DAVIS AND B. P. EDGE, AS COUNTY COMMISSIONERS OF THE COUNTY OF OKALOOSA, STATE OF FLORIDA, *Respondent*.

Opinion Filed January 23, 1919.

1. The method of determining a question of the removal of a county seat being left to the Legislature, there is no constitutional implication giving the courts jurisdiction to determine contests in such elections except in so far as remedies may be afforded independent of Statute.

State ex rel. Spears et al. v. Baggett, Jr. et al.—Opinion of Court.

2. Mandamus lies to compel the performance of the ministerial duty to correctly canvass election returns as made. But questions of illegality or fraud in the conduct of an election already held, or of illegal voting or the like cannot in general be determined in ordinary mandamus proceedings.

A Writ of Error to the Circuit Court for Okaloosa County; A. G. Campbell, Judge.

Judgment affirmed.

*Clark & Thompson,* for Relators;

No appearance for respondents.

WHITFIELD, J.—In a petition for an alternative writ of mandamus in the Circuit Court it is alleged that the petitioners are citizens, qualified electors and taxpayers of Okaloosa County; that respondents are the County Commissioners of said county; that on April 3rd, 1917, an election was held in said county to locate the county seat thereof; that in stated precincts specified illegal acts and omissions in conducting the election rendered the election in such precincts and the return therefrom illegal; that there were no legal returns from said precincts; that the illegal and unauthorized acts complained of with reference to said election and return were such as to make it impossible for the County Commissioners to ascertain whether or not there was a legal election held in said precincts, or whethere there were any legal votes cast in said precincts; that in making the canvass of the precinct election returns, it was the duty of the Board of County Commissioners, because of the matters and things alleged, to reject the returns from such precincts; that had such returns

been rejected the result would have been different. ·It is prayed· that an alternative· writ of mandamus issue commanding the County Commissioners to reassemble and recanvass the returns omitting from such recount the returns from the precincts in which the election and return are alleged. to be illegal. The court denied the writ and petitioners took writ of error.

The method of determining a question of the removal of a county seat being left to the Legislature, there is no constitutional implication giving to the courts jurisdiction to determine contests in such elections except in so far as remedies may be afforded independent of statute. See State *ex rel.* Drew v. Board of State Canvassers, 16 Fla. 17; Markert v. Sumter County, 60 Fla. 328; 53 South. Rep. 613; Nixon v. Police Jury of Allen Parish, 132 La. 53, 60 South. Rep. 717; 15 C. J. 427.

Mandamus lies to compel the performance of the ministerial duty to correctly canvass election returns as made. Schneider v. Lang, 66 Fla. 492, 63 South. Rep. 913; State *ex rel.* Knott v. Haskell, 72 Fla. 176, 72 South. Rep. 651; 18 R. C. L. 276.

But questions of illegality or fraud in the conduct of an election already held, or of illegal voting or the like cannot in general be determined in ordinary mandamus proceedings. See 9 R. C. L. 1155, Section 144, and cases cited; Hoy v. State, *ex rel.*, 168 Ind. 506, 81 N. E. Rep. 509; Jones, State *ex rel.* v. Oates, 86 Wis. 634, 57 N. W. Rep. 296; McCrary on Elections (4 Ed.), Sec. 398.

Affirmed.

All concur.