## MANISCALCO et al. v. POLICE JURY OF CADDO PARISH.

### No. 5055.

Court of Appeal of Louisiana.
Second Circuit.

June 29, 1935.

J. B. Crow, of Shreveport, for appellants.

James U. Galloway, of Shreveport, for appellee.

MILLS, Judge.

Mike Maniscalco and Demp McMullen, residents of ward eight, Caddo parish, La., bring this action against the police jury of said parish, seeking to annul an election held in their ward on December 11, 1934, which resulted in a majority vote against the sale of intoxicating liquors, and in pursuance of which the police jury passed an ordinance prohibiting said sale.

The following eight reasons were given for the alleged nullity:

(a) That the police jury is without authority to call such an election for a single ward of the parish.

(b) That the election was called for within ten or eleven days from the date of the resolution ordering same, and did not constitute legal notice to the voters.

(c) That the registration books were not closed thirty days prior to said election.

(d) That the commissioners and clerks were appointed by the police jury instead of the board of supervisors of elections.

(e) That the wording of the ballots was so confusing that some electors voted contrary to their intention.

(f) That the list of registered voters sent the clerk and commissioners was incorrect, permitting illegal votes to be cast in favor of prohibition.

(g) That if the election is sustained the property of Maniscalco will be taken and confiscated without due process of law.

(h) That the election was not secret, being held without voting booths.

Defendant filed a plea to the jurisdiction ratione materiae, and an exception of no cause or right of action. The plea to the

jurisdiction was sustained as to the objections to the conduct of the election, and overruled in all other particulars. The exception of no cause or right of action was sustained in toto, and plaintiffs' suit dismissed.

Plaintiffs have appealed from this ruling.

The trial judge has given his reasons in a written opinion, which we quote in full:

"This is a suit instituted by certain citizens and voters of Ward Eight of Caddo Parish, Louisiana, against the Police Jury of the Parish, having for its purpose the setting aside and annulling of an election held in that ward on December 11, 1934, under the provisions of section 25 of Act No. 15 of 1934, concerning local option prohibition.

"The election is attacked, first, on the ground that it was illegally called, and, second, that it was illegally conducted, and the case is now presented on an exception to the jurisdiction ratione materiae, and on an exception of no right or cause of action.

"Article VI of the petition sets forth all of the grounds for declaring the election null that are relied upon by the plaintiffs; the first three having to do with the call, and the remaining four having to do with the conduct thereof. The paragraph lettered 'g' having no direct attack on the constitutionality of the act, nor being a ground in itself for setting aside the election.

"As to section 'a', attacking the call, on the ground that it only affected one ward of the parish, which plaintiffs claim is not permissible, we quote the pertinent portion of section 25 of Act No. 15 of 1934:

" 'Provided that the police juries of the several parishes of the State and the governing authorities of all municipalities shall have the power to prohibit the sale or distribution of intoxicating liquor within their respective limits, as said governing authorities may deem advisable. Provided that, whenever it is deemed advisable in the judgment of said governing authorities, an election on the question of granting or withholding permits for the sale or disposition of intoxicating liquor shall be had; but whenever a petition or petitions, designed to secure the calling and holding of an election for the purpose aforesaid, shall be presented to the governing body of any parish, city or town and shall contain thirty-three and one-third (33 1/3%) per cent or more of the qualified electors of the sub-

division affected, then the said governing body shall proceed to call an election, to be held within ninety (90) days from the date said petition or petitions shall have been presented. Whenever an election has been held and the majority of the votes cast in a parish or in a ward, if only a ward election is at issue, shall be against permitting the sale or disposition of intoxicating liquor within such parish or ward, then said vote shall control the action of any ward, city or town, within the limits of the said parish or ward. Provided, further, that such elections as are hereinabove provided for shall not be held oftener than once a year, and when so held, the effect of an election shall continue in force until another election, embracing the same political subdivision.'

"To hold that the call of a local option election in a single ward was unauthorized, would be to read out of the statute the language above quoted, 'votes cast in a parish or in a ward, if only a ward election is at issue,' which the Court does not feel authorized to do. It is evident that the Legislature intended that ward elections could be held.

"Section 'b' attacks the call on the ground that the election was called within ten or eleven days from the date of the resolution by the Police Jury, which did not give the voters sufficient notice thereof. Again the language of the statute answers the proposition in that it provides a maximum delay of ninety days, but no minimum, and therefore the matter is left to the sound discretion of the Police Jury, which is not subject to judicial attack.

"Section 'c' also has to do with the time for the call of the election, in regard to the general provision that registration books should be kept open to within thirty days of the holding of the election. Again we find no statutory provision that the election must be held as much as thirty days off; and the case of Hagens v. Police Jury, 121 La. 634, 46 So. 676, is authority for the proposition that a short time for registration is not a ground for an attack.

"The remaining attacks on the election have to do with the manner of conducting the same. It will be observed that Act No. 15 of 1934 is absolutely silent on the matter of contesting the election therein authorized; and it is likewise absolutely silent on the matter of the method of conducting the election therein authorized.

Neither is there any implication in the statute that the primary election law or the general election law is to govern the conduct of the local option election. This likens this statute to those statutes under which attacks were levelled in the case of Hagens v. Police Jury, 121 La. 634, 46 So. 676, 678, and the case of Darbonne v. Oberlin, 121 La. 641, 46 So. 679, where the Court reiterated what it had previously held, namely, that an election is a political matter and not subject to review by the courts in the absence of specific statutory authority.

"In the case of Nixon v. Police Jury of Allen Parish, 132 La. 53, 60 So. 717, 719, the Court said:

" 'In the absence of statutory authorization, they [the courts] are without jurisdiction of the matter, ratione materiæ.'

"This principle seems to have been consistently adhered to by the courts in the State of Louisiana, and the law is unquestionably applicable to the case at bar, and we therefore see no escape from holding that these attacks on the conduct of this election are not matters which this court can entertain jurisdiction over. What the plaintiffs have suffered by reason thereof are chargeable to the political department of the government, in which the courts cannot interfere, and no rule of equity requires or permits an adjudication by the court. So often has this been held that we find it unnecessary to discuss the matter further.

"For these reasons the plea to the jurisdiction ratione materiæ is sustained as to the attacks on the conduct of the election, and overruled as to the attacks on the calling thereof; but the exception of no right or cause of action is sustained as to the entire suit, and consequently the suit is dismissed at plaintiffs' cost.

"Cecil Morgan, District Judge."

In regard to the objections urged in sections "a" and "b" of article VI of the petition, our Supreme Court, in Hagens Case, said:

"There is no law which requires that any specified time will be granted before ordering the election in a prohibition contest. In the absence of a time limit by statute, there is no good ground to assume that by thus fixing the number of days the police jury adopted an entirely illegal ordinance. We would be substituting our own view as relates to delay to that of the local body

responsible for their action to these by whom they have been elected."

In the same case, in regard to calling the election in too short a time to permit of registration, we find:

"It was a short time within which to register, but that fact is not fatal to the election. The police jury is vested with some discretion. Without charge or proof of wrong or intended wrong, it affords no ground of complaint sufficient to justify us in setting aside the election."

The language of the act itself, and of this decision, is ample authority for sustaining the exception of no cause of action.

We find the cases cited also support the sustaining of the plea to the jurisdiction as to those objections directed at the manner of holding the election.

In the Hagens Case it is held:

"Years ago the courts declined to take jurisdiction. In the first case the court said:

" 'The Legislature was charged with the function of ordering these elections and regulating the mode in which the votes should be cast and returned and the result ascertained and proclaimed,' " and further,

"The conduct in local option elections by persons authorized to hold them is not subject to inquiry before the civil courts."

Again, in the case of Darbonne et al. v. Village of Oberlin, 121 La. 641, 46 So. 679, we find:

"It is admitted that there is no statutory authority for a contest of this kind, but it is strenuously argued that the right exists on general principles. The jurisprudence of this state is otherwise." Citing many cases.

In Nixon v. Police Jury, 132 La. 53, 60 So. 717, 718, the court said:

"There is, however, no law authorizing contests in cases of this kind, and it is well settled that, in the absence of a specific grant, the courts are without jurisdiction to entertain them."

In Reid v. Brunot, 153 La. 490, 96 So. 43, 46, in regard to the equitable plea, it was held that courts cannot, "in the interest of what they may conceive to be equity and fairness, extend the scope of the law beyond the meaning of its plain provisions."

Counsel for plaintiffs concedes that there is no provision in the statutes of 1934 governing the conduct of local option elections,

but contends that such elections are, by implication, governed by the laws relating to the conduct and holding of general elections; and that this extends also to contests in regard to same. He cites us no authority to that effect. Those that we have examined are to the contrary and show that the tendency of the courts is to restrict rather than enlarge the jurisdiction of courts in contested election cases. He complains that even in case of fraud no relief could be obtained. We can only answer that the petition charges no 'fraud.

It is not pointed out, and we do not see wherein said election, in its call or in its conduct, violates the due process or equal protection clauses of the State or Federal Constitutions (Const. La. 1921, art. 1, §§ 2, 6; Const. U. S. Amend. 14).

We find the judgment appealed from correct, and it is accordingly affirmed.