**16 So.2d 208**

**WATSON et al. v. POLICE JURY OF LA SALLE PARISH.**

**No. 37090.**

Nov. 8, 1943.

Rehearing Denied Dec. 13, 1943.

John R. Hunter & Son, of Alexandria, and A. B. Parker, of Jena, for appellants.

Cameron C. Minard, of Columbia, for appellee.

HIGGINS, Justice.

The plaintiffs, who are liquor dealers in LaSalle Parish, instituted this action against the Police Jury of that Parish, praying for an injunction against the en-

forcement of an alleged illegal ordinance passed by the Police Jury prohibiting the sale of intoxicating liquors in that Parish. It is alleged that the Police Jury did not legally pass any resolution ordering the election as required by the local option statute, Act No. 17 of the First Extra Session of the Legislature of 1935. The defendant answered averring that the resolution calling the election was properly adopted. There was judgment in favor of the defendant dismissing the plaintiffs' suit, and they have appealed.

The record shows that on December 5, 1942, at the regular meeting of the Police Jury of LaSalle Parish, a written petition containing the names of 25% of the voters of that parish, as certified to by the Registrar of Voters, was presented to the Police Jury asking for the calling of an election under the local option statute. An oral motion was duly made and seconded that the election be ordered held on January 26, 1943, and was unanimously carried. As the District Attorney was not present, some question as to the proper delay under the law was raised and it was agreed that the date would be changed in the event it failed to comply with the statute. The method and details of conducting the election were ordered to be placed in a written resolution and the District Attorney was directed to prepare it. On December 6, 1942, the clerk of the Police Jury informed the District Attorney of the wishes of the Police Jury and he drew a formal resolution, which it is conceded in every way complies with the provisions of the local option statute, but as he was not

present at the meeting, he left the date of the proposed election blank. Through error, the clerk or secretary of the Police Jury placed January 24, 1943, instead of January 26, 1943, in the resolution, and then copied it in full in the minutes of the Police Jury of the meeting of December 5, 1942. Upon the first publication in the local newspapers of the resolution on December 17, 1942, the error was discovered and promptly corrected, the date of January 26, 1943, being inserted in the place of January 24, 1943, and the proper advertisements of the resolutions continued until January 2, 1943, when the Police Jury held its regular monthly meeting. On that date, the resolution with the correct date as incorporated in the minutes of December 5, 1942, was read in full and approved and adopted unanimously.

The attorneys for the plaintiffs contend that as the written resolution was not before the Police Jury on December 5, 1942, it was impossible for it to pass or adopt the resolution, and the subsequent approval and ratification of the minutes of the meeting of December 5, 1942, after a reading in full of the resolution, did not in legal contemplation comply with the requirements of the statute, because the Police Jury could not approve something it had not done.

Section 5 of Act No. 17 of the First Extra Session of the Legislature of 1935, known as the local option law, reads as follows: "Where the election laws do not otherwise provide, the governing authority calling the election shall provide in its ordinance or resolution the manner in which

the election shall be conducted and the result thereof promulgated."

It will be observed that the above section of the statute does not set forth any particular method or procedure by which the ordinance or resolution calling and providing for the election shall be passed.

■ We have not been referred to any law setting up formal procedure through which a resolution of the Police Jury shall be adopted in such instances. The method of adopting a resolution is left to the discretion of the Police Jury, provided the consent of a sufficient number of the members of the Jury is given voluntarily. The local option statute does not specify the minimum number of days that must elapse between the date the resolution calling the election is adopted and the date of the election, and therefore the matter is left to the discretion of the Police Jury. The court refused to interfere where eleven days only were allowed. Maniscalco et al. v. Police Jury of Caddo Parish, La.App., 162 So. 242, and Hagens v. Police Jury of Caddo Parish, 121 La. 634, 46 So. 676.

■ While a written resolution was not presented to the members of the Police Jury on December 5, 1942, setting forth the date, method, and procedure of holding the local option election, the stipulation of fact and the testimony leave no uncertainty that all of the members of the Police Jury fully understood that they were ordering the local option election to be held on January 26, 1943, provided the District Attorney found that date legal. There can be no doubt that when the Police Jury met in its regular meeting of January 2, 1943, the

previous error in the date of the resolution caused by the clerk's inadvertence was corrected, as well as the date in the advertisements then appearing in the local newspapers. The members of the Police Jury fully understood the situation and at that time had the formal resolution before them because it was read in full to them by the clerk. They unanimously, of their own volition, without any objection whatsoever, approved and adopted the minutes and the resolution in full and, therefore, the provisions of the local option statute were complied with and the action of the Police Jury became official and legal. Drew v. Town of Zwolle, 185 La. 867, 171 So. 59, and Waggoner et al. v. Grant Parish Police Jury et al., 203 La. 1071, 14 So.2d 855.

Counsel for the plaintiffs have cited the case of Police Jury of Parish of Tangipahoa v. Town of Ponchatoula, 118 La. 138, 42 So. 725. There, the Police Jury, on the written petition of the voters, called a local option election for a certain date simply by a verbal motion. Nothing was said about the method, manner, and details of holding the election. The president of the Police Jury, without any authority other than the above carried motion, conducted the election by means of his own proclamation. The court held that a local option election cannot be conducted without some machinery having been provided for by the Police Jury in accordance with the local option statute, and declared the election illegal. That case is not in point here because the Police Jury in its regular meeting of January 2, 1943, adopted a formal resolution, which is legal in every respect, and the election

was conducted under the provisions of that resolution.

The plaintiffs in their petition also set forth certain alleged irregularities, for instance, that the polls in some of the precincts were opened at 8 o'clock a. m. instead of 7 o'clock a. m., and that the commissioners of the election put the returns in the ballot boxes and did not send them to the Clerk of Court, etc., but failed to make any allegation that there was any fraud or irregularity which would have affected the result of the election. The trial judge answered all of these points in a written opinion. Counsel for the plaintiffs have not, in oral argument nor in their brief, presented them here. In the absence of any allegation in the petition and proof that the election would have resulted favorably to the plaintiffs if the irregularities had not taken place, it is sufficient to say that the plaintiffs have not been injured and have no right to complain on that score.

For the reasons assigned, the judgment appealed from is affirmed at appellants' costs.