SAMUEL, Judge.
This is a suit for injunctive and other relief arising out of a referendum called for the purpose of amending the Charter of the City of New Orleans.
For the reasons which will follow in due course, we are of the opinion that the dismissal of petitioner’s suit by the trial court is correct and should be affirmed.
It is therefore ordered that the judgment appealed from be and it is approved and affirmed.
Affirmed.
Reasons
Pursuant to ordinances passed by the Council of the City of New Orleans calling an election to be conducted under the General Election Laws of the State of Louisiana, and after due notice and publication thereof, a referendum was held on April 15, 1961, in which there was submitted to the electors of the City of New Orleans, for their approval or rejection, a proposed amendment to Section 4-201 of the Home Rule Charter of the City of New Orleans relative to the election and term of office of the Mayor of New Orleans. The proposed amendment was defeated by a majority of the votes cast and, on April 19, 1961, the Board of Supervisors of Elections for the Parish of Orleans certified the returns to the Secretary of State.
On April 21, 1961, plaintiff instituted this suit against the Board of Supervisors of Elections for the Parish of Orleans and the individual members thereof, the Mayor of the City of New Orleans, the Council of the City of New Orleans and the individual members thereof, and the Custodian of Voting Machines for the Parish of Orleans praying that the defendants be enjoined from clearing or erasing the voting machines or disposing of or destroying absentee ballots, poll lists, tabulation sheets and other records received from the commissioners of the election and from compiling, tabulating, promulgating or certifying the results of the election. The petition further prays that the tabulation of votes be declared to be false and erroneous and for an adjudication to the effect that a majority of the votes cast were in favor of the said amendment and, accordingly, that the Mayor of the City of New Orleans be ordered to certify to the Secretary of State and the Recorder of Mortgages for the Parish of Orleans that the amendment had been approved. Alternatively the petition prays that, because of the frauds and irregularities protested therein, the election be declared a nullity and that the court order the proper officers to call a new election forthwith.
The petition alleges “wholesale irregularities and frauds” which aggrieve plaintiff, who voted for the amendment in the election; that the promulgation by the Board of Supervisors of Elections showed 60,643 votes for the proposed amendment and 62,775 against the amendment and that the results should have been 61,511 for and 62,607 against; that the existence of such error in tabulation indicates substantial irregularities; that fraudulent or irregular actions were committed in connection with seven voters, named in the petition, whose signatures were questionable or who were not listed in the poll book or whose signatures did not correspond to the precinct register, etc.; and that the Board of Supervisors of Elections for the Parish of Orleans is without authority to compile and promulgate the results of the election.
Plaintiff filed one supplemental and amended petition in which he alleged that LSA-R.S. 18:541 to 18:781, the General Election Laws, have no application in an election to amend the Charter of the City of New Orleans and that the Board of *924 Supervisors of Elections for the Parish of Orleans thus acted without authority; that the Council of the City of New Orleans, in providing that the election should be held under the General Election Laws for the State of Louisiana, could not alter the duties of the said Board of Supervisors; and that their action constituted an illegal delegation of powers by the Council. The supplemental petition reaffirms the prayer of the original and further prays that the election be declared null and void and that the court order the proper officer or officers to call a new election forthwith.
Various exceptions were filed on behalf of defendants, particularly exceptions of no right or cause of action and to the jurisdiction of the court over the subject matter of the action.
The trial court maintained the exception to the jurisdiction of the court over the subject matter of the action and dismissed plaintiff’s suit. Plaintiff has devolutively appealed.
The decision of the trial court in maintaining the exception presents for our determination the question of whether or not that court has jurisdiction ratione materiae over a suit brought by a voter and taxpayer to nullify and set aside a general special election already held.
Our courts can hear and determine election contests only under express constitutional or legislative authorization. They are without the power to do so in the absence of such authority. State v. Judge, 13 La.Ann. 89; Reid v. Brunot, 153 La. 490, 96 So. 43; Caswell v. Hoft, La.App., 119 So.2d 864.
In Reid v. Brunot, supra, the Supreme Court said [153 La. 490, 96 So. 44] :
“It is a well-settled and established principle of law that all elections and all matters relating to or affecting the same, belong to the political department of the government and are, therefore, beyond the control of the judicial power, in the absence of special constitutional or statutory authorization. No person has a right to invoke the aid of the courts in an election contest, unless there be some express law vesting the courts with jurisdiction and conferring such right of action upon the contestant.”
This has long been the rule in Louisiana and has been followed consistently for many years both before and after Reid v. Brunot. In that case the Court further said:
“During the lapse of more than 60 years since that decision (State v. Judge) was rendered, this court has never questioned its correctness. On the contrary, it has been expressly affirmed in many cases. * * * ” (Brackets ours.)
Plaintiff relies wholly and only upon the case of Morrisett v. City of Shreveport, La.App., 155 So. 478, which overruled a plea to the jurisdiction ratione materiae and involved an election calling for a change in the form of the city government. Three propositions were submitted to the voters: 1. Should the form of government be changed ?; 2. Should the original charter be resumed ?; and 3. Should the Commission Manager Plan be adopted? The vote on the 2nd and 3rd propositions was to be canvassed only in the event that the 1st received a majority. Promulgation of the returns showed that the 1st and 2nd propositions had carried. Plaintiffs averred that as a result of the referendum the Council would call an election for the purpose of electing a Mayor and Trustees under the original charter of Shreveport unless restrained by the court from so doing and prayed that the referendum be set aside (for various reasons alleged) and,the City be enjoined from doing any act having for its purpose or effect the abandonment of its current form of government, particularly from calling an election for Mayor and Trustees under the original charter. In discussing the plea to the jurisdiction the *925 Court, at page 482, of 155 So., was careful to distinguish Morrisett from the rule stated above:
“The plea to the jurisdiction is based on the contention that courts are without jurisdiction ratione materiae to inquire into causes involving contested elections in the absence of statutory authorization. Defendant cites in support of this contention a long list of authorities, beginning with State v. Judge, 13 La.Ann. 89. We have carefully read the cited cases and find they have no application to the case at bar. This case is clearly one in which plaintiffs are attacking the right of the city to call the election. The power to hold the election is assailed, and therefore gives rise to questions of which the courts have jurisdiction. * * * ” (Emphasis added.)
Morrisett is clearly distinguishable from the instant case. There, the Court was concerned with an election to be held and the power or authority to call and hold that future election was being attacked. Such authority could only rise out of the passage of the new amendments and a determination of the validity of the amendments thus became necessary. Here, the referendum did not carry, the Charter remains unchanged, and we are not concerned with an election to be held.
Plaintiff has not called our attention to any law which gives the Court jurisdiction over the subject matter of this suit and we know of none.
The Mayor and Council of the City of New Orleans and the individual members of the latter, all defendants herein, have filed a brief in which they ask for a judicial determination of the validity of the ordinance calling the election and of the conduct of the election pursuant to said ordinance so that they may be relieved of concern with regard to the proper procedure to be followed for possible future amendments. We are unable to grant this request for two reasons. Our ruling on the exception to the jurisdiction prevents us from proceeding any further with the case and, in any event, the Court is without authority to render advisory opinions.
For the purpose of convenience we repeat the decree which was handed down by us in this matter on May 5, 1961.
It is therefore ordered that the judgment appealed from be and it is approved and affirmed.
Affirmed.